UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ROBERT EARL HACKNEY,

               Petitioner,               Case No. 2:13-cv-370

v.                                   Honorable R. Allan Edgar

JEFFREY WOODS,

               Respondent.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

        The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on January 30, 2014. The Report and Recommendation was duly served on the parties. The Court has received objections from the Petitioner. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

        In the report and recommendation, United States Magistrate Judge Timothy P. Greeley recommended that the habeas corpus petition be denied because it is barred by the one-year statute of limitations, and that a certificate of appealability be denied. In his objections, Petitioner contends that the Magistrate Judge erred when he failed to note that all of Petitioner's state court proceedings were rejected by a disqualified judge. Petitioner states that he did not appeal the denial of his writ of mandamus or his motion for relief from judgment to the Michigan Court of Appeals, but instead filed a "writ for superintending control." Finally, Petitioner asserts that he attempted to

file an appeal in the Michigan Supreme Court, but his appeal was returned to him without being filed. However, these contentions have no impact on the fact that Plaintiff's habeas corpus petition was filed after the statute of limitations had expired in this case.

Petitioner further claims that the statute of limitations is not a bar to his application for habeas corpus relief because he is asserting that the trial court did not have subject matter jurisdiction to render the judgment against him. In support of this claim, Petitioner misconstrues the holding in *Gonzalez v. Thaler*, 132 S. Ct. 641 (2012). In *Gonzalez*, the Court held that a defect in the certificate of appealability did not deprive the Court of Appeals of the power to adjudicate the petitioner's appeal. *Id.* at 648. The Court further held that with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" under § 2244(d)(1)(A) when the time for seeking such review expires. The Court concluded that Gonzalez's federal habeas petition was time barred. *Id.* at 656.

Finally, Petitioner now claims that the statute of limitations was tolled in this case while he filed a previous habeas corpus petition, *Hackney v. Lafler*, No. 1:06-cv-10710 (E.D. Mich. June 20, 2008). That case was denied for lack of merit on June 20, 2008. *Id.* at docket #53 and #54. Petitioner filed a motion for a certificate of appealability, which was denied by the Sixth Circuit Court of Appeals on April 21, 2010. *Id.* at docket #85. However, the statute of limitations is not tolled for the period during which a federal habeas corpus petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Moreover, because Petitioner now concedes that he previously filed a habeas corpus petition regarding this conviction, the instant action should have been considered improperly filed because it was second and / or successive. Finally, the court notes that Petitioner's request to file a second and / or successive habeas corpus action was already denied by the Sixth Circuit. *Hackney v. Lafler*, No. 1:06-cv-10710, docket #86.

- 2 -

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and Petitioner's application is DISMISSED pursuant to Rule 4.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the

Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.

Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on procedural grounds that it is barred by

the applicable statute of limitations.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied

on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at

least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and [2] that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling."  Both showings must be made to warrant the grant

of a certificate.  *Id.*  The Court finds that reasonable jurists could not debate that this Court correctly

dismissed each of Petitioner's claims on the procedural grounds that they are barred by the applicable

statute of limitations.  "Where a plain procedural bar is present and the district court is correct to

invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court

erred in dismissing the petition or that the Petitioner should be allowed to proceed further."  *Id.*

Therefore, the Court denies Petitioner a certificate of appealability.


Dated:  _____7/25/2014_____          _____*/s/ R. Allan Edgar*_____
                                             R. ALLAN EDGAR
                                             UNITED STATES DISTRICT JUDGE

- 4 -